Kunkle, J.
This is an action wherein Timothy S. Hogan, as attorney general, brought suit under Section 641, General Code, to determine the rights *173 of all persons claiming an interest in and to a certain deposit of $50,000, made by The Empire State Surety Company, a New York corporation, with the Superintendent of Insurance of Ohio, in order to obtain the right to transact the business of indemnifying employers and others in the state of Ohio.
Certain parties intervened, claiming to be creditors of Mark P. Wells, a contractor under the United States government for the construction, extension, remodeling and repair of a post office building at Lima, Ohio, and asserting that said The Empire State Surety Company had become surety for said Mark P. Wells upon a bond given to the United States government in pursuance to an act of congress approved February 24, 1905, which said bond was, among other things, conditioned upon said Mark P. Wells promptly making all payments to persons supplying him with labor and material in the prosecution of the work contemplated in said contract.
Some of the intervening creditors, among whom was Grainger & Company, reduced their claims to judgment in an action in the United States district court for the western division of the northern district of Ohio.
To the intervening cross-petitions Frank Hasbrouck, superintendent of insurance of the state of New York, and Frederic G. Dunham, special deputy superintendent of insurance of the state of New York, filed a joint answer claiming the right to receive and administer the said fund of $50,000.
Grainger & Company demurred separately to *174 each paragraph and defense of the joint answer of said Hasbrouck and Dunham.
This demurrer was sustained by the lower court. Final judgment was rendered, and thereupon the case was appealed to this court.
We have carefully considered the authorities cited in the very exhaustive briefs filed by counsel.
We shall not attempt to discuss or distinguish in detail the authorities so cited, but will merely announce the conclusion at which we have arrived after a careful study of such authorities.
The federal statute-referred to by counsel extends the liability of the surety upon a contractor’s bond to the payment of the claims of the creditors of the contractor for labor and material furnished under the principal contract. In view of the federal statute and the liability thereby created, such creditors of the principal contractor would become policy holders within the purview of Section 9510, General Code.
It is evident, however, that the deposit provided for in Section 9510, General. Code, was intended to be held for the benefit of the policy holders whose rights grow out of contracts made and business transacted within the state of Ohio.
It is true that the contract between Wells and the United States government for the improvement of the post office building at Lima, and the contract of The Empire Surety Company guaranteeing the performance thereof, were, according to the averments of the said answer, executed outside the state of Ohio.
These contracts were, however, to be performed within the state of Ohio, and the parties contem *175 plated that the contracts for labor and material would be performed within the state of Ohio.
The federal act extending liability of the surety, upon the contractor’s bond, to the creditors of the principal contractor, for material and labor under the principal contract, fixes the jurisdiction over the enforcement of the rights of the creditors to the place where the contract is to be performed.
The fact that the United States government has control over the post office site in question by cession from the state of Ohio does not supersede the jurisdiction of the state over .the business involved in the performance of the contracts for labor and material.
Under this situation we think the contract of Wells with The Empire State Surety Company should be regarded as one for the transaction of business in Ohio, and that the creditors of Wells, growing from the performance of the contract in question, are entitled to the benefit of the deposit made by The Empire State Surety Company, under the provisions of Sections 9510 and 641, General Code.
We have carefully considered all the questions discussed in the brief of counsel for the insurance department of the state of New York, but are of opinion that the demurrer to the answer of Hasbrouck and Dunham should be sustained.

Demurrer sustained.

Ferneding and Allread, JJ., concur.